UNITED STATES OF AMERICA
GREGORY G. KATSAS
Assistant Attorney General, Civil Division
United States Department of Justice
GREGORY A. BROWER, United States Attorney, District of Nevada
PATRICK A. ROSE
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, NV 89101
Tel: (702) 388-6336
Fax: (702) 388-6296
Email:**patrick.rose@usdoj.gov**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY COLLECTION SERVICE, INC., a Pennsylvania Corporation,<br><br>KEITH DICKSTEIN, Individually, and as an Officer of Academy Collection Service, Inc.,<br><br>ALBERT S. BASTIAN, Individually, and as an Officer of Academy Collection Service, Inc.,<br><br>and<br><br>EDWARD L. HURT III, Individually, and as an Officer of Academy Collection Service, Inc.,<br><br>Defendants. | Civil Action No. 2:08-CV- |

**COMPLAINT FOR CIVIL PENALTIES,**
**INJUNCTIVE RELIEF, AND OTHER RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), by its undersigned attorneys, for its Complaint alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action arising under §§ 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, to obtain monetary civil penalties, a permanent injunction, restitution, disgorgement, and other equitable relief for Defendants' violations of the FDCPA and Section 5 of the FTC Act.

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(m)(1)(A), 53(b), 57b, and 1692*l*. This action arises under 15 U.S.C. § 45(a)(1) and 15 U.S.C. § 1692*l*.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b-c) and 1395(a) and 15 U.S.C. § 53(b).

**DEFENDANTS**

4. Defendant Academy Collection Service, Inc. ("Academy" or "Company"), is a Pennsylvania corporation with its principal place of business located at 10965 Decatur Road, Philadelphia, PA 19154. One of Defendant Academy's three main collection offices is located within the District of Nevada at 750 Pilot Road, Suite A, Las Vegas, NV 89119. At all times relevant to this Complaint, Defendant Academy has transacted business in the District of Nevada.

5. Defendant Keith Dickstein ("Dickstein") is Academy's President, former Chief Executive Officer, Treasurer, sole shareholder, and sole director. Defendant Dickstein played an active role in the management and/or supervision of Academy's debt collection activities. Defendant Dickstein formulated, directed, participated in, controlled, or had the authority to control, the acts and practices of Academy, including the acts and practices alleged in this Complaint. Defendant Dickstein knew or should have known of the violations described in this Complaint. At all times relevant to this Complaint, Defendant Dickstein has transacted business in the District of Nevada. He currently resides in the District of Nevada.

6. Defendant Albert S. Bastian ("Bastian") was an Assistant Vice President of Academy and was one of the main officers in charge of Academy's collection operations in its Las Vegas, Nevada office at all times relevant to this Complaint. Defendant Bastian played an active role in the management and/or supervision of Academy's debt collection activities. Defendant Bastian formulated, directed, participated in, controlled, or had the authority to control, the acts and practices of Academy, including the acts and practices alleged in this Complaint. Defendant Bastian knew or should have known of the violations described in this Complaint. At all times relevant to this Complaint, Defendant Bastian transacted business in and resided in the District of Nevada.

7. Defendant Edward L. Hurt III ("Hurt") was a Vice President of Academy and was one of the main officers in charge of Academy's collection operations in its Las Vegas, Nevada office at all times relevant to this Complaint. Defendant Hurt played an active role in the management and/or supervision of Academy's debt collection activities. Defendant Hurt formulated, directed, participated in, controlled, or had the authority to control, the acts and

practices of Academy, including the acts and practices alleged in this Complaint. Defendant Hurt knew or should have known of the violations described in this Complaint. At all times relevant to this Complaint, Defendant Hurt transacted business in and resided in the District of Nevada.

8. Defendants Academy, Dickstein, Bastian, and Hurt ("Defendants") are "debt collectors" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## COMMERCE

9. At all times material to this Complaint, Defendants have maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS PRACTICES

10. From its offices in Philadelphia, Pennsylvania and Las Vegas, Nevada, Academy has engaged in consumer debt collection activities in all 50 states. Academy has collected on over 1,000,000 consumer debt accounts a year.

11. On numerous occasions, Academy collectors threatened or implied that Academy would garnish consumers' wages, seize or attach consumers' property, or initiate lawsuits against them if they failed to pay Academy. Academy collectors also made additional threats, including that criminal actions would be taken against consumers or that consumers would be arrested.

12. In truth and in fact, on numerous occasions, when Academy collectors made the threats contained in Paragraph 11 above, Academy had no legal authority or intent to garnish consumers' wages, seize or attach consumers' property, initiate lawsuits against consumers if they failed to pay Academy, or have consumers prosecuted or arrested.

13. On numerous occasions, Academy collectors withdrew amounts from consumers' bank accounts without obtaining the consumers' prior authorization or consent for such withdrawals. Academy collectors also deposited or threatened to deposit postdated checks prior to the date on such checks.

14. On numerous occasions, Academy collectors called consumers at their place of employment even though the collectors knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communications. Academy collectors also, on numerous occasions, disclosed the existence of debts to third parties, such as the consumers' parents, children, employers, co-workers, and neighbors. Academy collectors also continued to contact third parties, even after third parties told them not to call.

15. Academy collectors also called consumers at times and places they knew were inconvenient for consumers to receive calls.

16. On numerous occasions, Academy collectors used harassing and abusive tactics. Academy collectors threatened consumers with violence. Academy collectors also called consumers multiple times a day, including calling consumers right back after being hung up on by the consumers. In addition, numerous Academy collectors used abusive language, including profanity when speaking with consumers.

17. On numerous occasions, Academy collectors failed to state in the initial communication with the consumer and in subsequent communications that they were attempting to collect a debt and that any information would be used for that purpose.

18. Academy's collection practices have generated over a thousand complaints filed with the Federal Trade Commission, the Nevada and Pennsylvania Better Business Bureaus,

various state attorneys general, and the Company itself. Many of these complaints have alleged significant FTC Act and/or FDCPA violations.

19. Academy's response to the consumer complaints it receives has been cavalier at best. Academy has frequently dismissed without sufficient investigation complaints alleging egregious violations of the FTC Act and/or the FDCPA that were forwarded to Academy by state attorneys general and Better Business Bureaus. Even in the face of substantial evidence that violations occurred, the Defendants frequently allowed the collectors involved to go unpunished or merely to receive a warning.

20. Academy's internal compliance program sometimes caught collectors violating the FTC Act and/or the FDCPA. However, the Defendants allowed employees with multiple egregious violations to go frequently without serious punishment.

21. Even when Academy terminated collectors for FDCPA violations, the Defendants allowed these collectors to return to Academy within a few weeks or months of their termination.

22. On numerous occasions, Academy's front-line supervisors and senior managers, especially Bastian and Hurt, participated in the actions described in Paragraphs 11 through 17, above. These supervisors or managers, especially Bastian and Hurt, also encouraged collectors to participate in such violations. On other occasions, Academy managers, including the individual Defendants, were aware of such practices by collectors under their supervision, but failed to discipline the collectors sufficiently.

23. The individual Defendants also either ignored the Company's violative acts and practices, or they failed to exercise the supervision necessary to make themselves aware of the significant problems occurring within their organization.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

24. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Misrepresentations of material fact constitute deceptive acts or practices prohibited by the FTC Act.

**COUNT I**

25. On numerous occasions, in connection with the collection of debts, Defendants, directly or indirectly, represented to consumers, expressly or by implication, that:

a) Nonpayment of a debt would result in garnishment of a consumer's wages;

b) Nonpayment of a debt would result in a consumer's property being seized or attached or result in a consumer's arrest;

c) The individuals who acted as agents or otherwise on behalf of the Defendants and who contacted consumers were attorneys, or that a communication from the Defendants, their agents, or others who acted on their behalf was from an attorney; and

d) Academy or the creditor it represented intended to take legal action against a consumer.

26. In truth and in fact, on numerous such occasions:

a) Nonpayment of a debt did not result in garnishment of a consumer's wages;

b) Nonpayment of a debt did not result in a consumer's property being seized or attached or result in a consumer's arrest;

    c) The individuals who acted as agents or otherwise on behalf of the Defendants and who contacted consumers were not attorneys, and communications from Defendants, their agents, or others who acted on their behalf were not from attorneys; and

d) Academy or the creditor it represents did not intend to take legal action against a consumer.

27. Therefore, the representations set forth in Paragraph 25 were and are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**COUNT II**

28. On numerous occasions, in connection with the collection of debts, Defendants withdrew amounts from consumers' bank accounts without obtaining the consumers' express informed consent for such withdrawals.

29. Defendants' practice of withdrawing funds from consumers' bank accounts without obtaining the consumers' express informed consent caused or was likely to have caused substantial injury to consumers that was not outweighed by countervailing benefits to consumers or competition, and that was not reasonably avoidable by consumers.

30. Therefore, Defendants' practice as alleged in Paragraph 28 was unfair and in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

31. In 1977, Congress passed the FDCPA, 15 U.S.C. §1692 *et seq.*, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA,

15 U.S.C. § 1692*l*, specifically empowers the Commission to enforce the FDCPA. Under its provisions, for purpose of the exercise by the Commission of its functions and powers under the FTC Act, a violation of the FDCPA is deemed an unfair or deceptive act or practice in violation of the FTC Act. Further, the Commission is authorized to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any person, irrespective of whether that person is engaged in commerce or meets any other jurisdictional tests set by the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission tràde regulation rule.

32. The term "consumer," as used in this Complaint, means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

**COUNT III**

33. On numerous occasions, in connection with the collection of debts, Defendants, directly or indirectly, used unfair or unconscionable means to collect or attempt to collect debts, in violation of Section 808 of the FDCPA, 15 U.S.C. § 1692f, including, but not limited to, the following:

a) Defendants, directly or indirectly, used consumers' information to withdraw funds from consumers' bank accounts without obtaining the consumers' express informed consent, in violation of Section 808 of the FDCPA, 15 U.S.C. § 1692f; and

  b) Defendants, directly or indirectly, deposited or threatened to deposit postdated checks or other postdated payment instruments prior to the date on such checks or instruments, in violation of Section 808(4) of the FDCPA, 15 U.S.C. § 1692f (4).

**COUNT IV**

34. On numerous occasions, in connection with the collection of debts, Defendants, directly or indirectly, communicated with third parties, including parents, children, neighbors, employers, and co-workers, for purposes other than acquiring location information about a consumer, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

**COUNT V**

35. On numerous occasions, in connection with the collection of debts, Defendants, directly or indirectly, when communicating with persons other than the consumer for the alleged purpose of acquiring location information about the consumer, violated Section 804 of the FDCPA, 15 U.S.C. § 1692b, including, but not limited to, the following:

a) Stated that the consumer owed a debt, in violation of Section 804(2) of the FDCPA, 15 U.S.C. § 1692b(2); and

b) Communicated with third parties more than once, when not requested to do so by such person and when the Defendants had no reasonable belief that the earlier response of such person was erroneous or incomplete and

that the person had correct or complete location information to provide, in violation of Section 804(3) of the FDCPA, 15 U.S.C. § 1692b(3).

**COUNT VI**

36. On numerous occasions, in connection with the collection of debts, Defendants, directly or indirectly, used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

a) Defendants, directly or indirectly, falsely represented or implied to consumers that individuals who acted as agents or otherwise on behalf of the Defendants were attorneys or that any communication from the Defendants, their agents, or anyone who acted on their behalf was from an attorney, in violation of Section 807(3) of the FDCPA, 15 U.S.C. § 1692e(3);

b) Defendants, directly or indirectly, falsely represented or implied that nonpayment of a debt would result in the arrest or imprisonment of a person or the seizure, garnishment, or attachment of a person's property or wages, when such action was not lawful or when neither Academy nor the creditor had the intention of taking such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

c) Defendants, directly or indirectly, threatened to take actions that could not legally be taken or that were not intended to be taken, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5);

    d) Defendants, directly or indirectly, used false representations or deceptive means to collect or attempt to collect debts or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10); and

e) Defendants, directly or indirectly, failed to disclose in the initial oral communication with the consumer that the debt collector was attempting to collect a debt and that any information would be used for that purpose, and failed to disclose in subsequent communications that the communication was from a debt collector (when such communications were not formal pleadings made in connection with a legal action), in violation of Section 807(11) of the FDCPA, 15 U.S.C. § 1692e(11).

**COUNT VII**

37. On numerous occasions, in connection with the collection of debts, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, Defendants, directly or indirectly, communicated with a consumer at the consumer's place of employment when the Defendants knew, directly or indirectly, that the consumer's employer prohibited the consumer from receiving such communication, in violation of Section 805(a)(3) of the FDCPA, 15 U.S.C. § 1692c(a)(3).

**COUNT VIII**

38. On numerous occasions, in connection with the collection of debts, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, Defendants, directly or indirectly, communicated with a

consumer at a time or place that Defendants knew or should have known was inconvenient to the consumer, including, but not limited to, (a) communicating with the consumer before 8 a.m. and after 9 p.m. at the consumer's location, and (b) communicating with the consumer at the consumer's place of employment when Defendants knew or should have known that it was inconvenient for the consumer to receive such communications, in violation of Section 805(a)(1) of the FDCPA, 15 U.S.C. § 1692c(a)(1).

**COUNT IX**

39. On numerous occasions, in connection with the collection of debts, Defendants, directly or indirectly, engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to, the following:

a) Defendants, directly or indirectly, used or threatened the use of violence or other criminal means to harm the physical person, reputation, or property of a person, in violation of Section 806(1) of the FDCPA, 15 U.S.C. § 1692d(1);

b) Defendants, directly or indirectly, used obscene or profane language, or language the natural consequence of which was to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C. § 1692d(2); and

c) Defendants, directly or indirectly, caused a telephone to ring, or engaged a person in telephone conversations, repeatedly or continuously, with the

intent to annoy, abuse, or harass the person at the called number, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5).

**INJUNCTION FOR VIOLATIONS OF THE FTC ACT AND THE FDCPA**

40. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that Defendants will not continue to violate the FTC Act and the FDCPA.

**EQUITABLE RELIEF FOR VIOLATIONS OF THE FTC ACT AND THE FDCPA**

41. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FTC Act and the FDCPA, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain.

**CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA**

42. Defendants Academy, Dickstein, Bastian, and Hurt violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

43. Each instance within five years preceding the filing of this Complaint, in which Defendants failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

44. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as

amended, and as implemented by 16 C.F.R. § 1.98(d) (2007), authorizes the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff United States of America, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692*l*, and the Court's own equitable powers, requests that the Court:

1. Enter judgment against Defendants and in favor of Plaintiff for each law violation alleged in this Complaint;

2. Enter a permanent injunction to prevent future violations of the FTC Act and the FDCPA by Defendants;

3. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act and the FDCPA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies;

4. Award Plaintiff monetary civil penalties for each violation of the FDCPA occurring within five (5) years preceding the filing of this Complaint; and

5. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

DATED:

OF COUNSEL:

LEONARD L. GORDON
Regional Director

DEBORAH A. MARRONE
ANN F. WEINTRAUB
NUR-UL-HAQ
Attorneys
Federal Trade Commission
Northeast Region
One Bowling Green, Suite 318
New York, NY 10004
Tel: (212) 607-2829
Fax: (212) 607-2822
Email: dmarrone@ftc.gov

FOR THE UNITED STATES OF AMERICA:

GREGORY G. KATSAS
Assistant Attorney General
Civil Division
U.S. DEPARTMENT OF JUSTICE

GREGORY A. BROWER
United States Attorney
District of Nevada

By: ______________________
PATRICK A. ROSE
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, NV 89101
Tel: (702) 388-6336
Fax: (702) 388-6296
Email: @usdoj.gov

EUGENE M. THIROLF, Director
KENNETH L. JOST, Deputy Director
Office of Consumer Litigation

By: ______________________
JOHN W. BURKE
Trial Attorney
Office of Consumer Litigation
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
Tel: (202) 353-2001
Fax: (202) 514-8742
Email: josh.burke@usdoj.gov