**ANS**
**JONATHAN J. HANSEN, ESQ.**
Nevada Bar No. 7002
**HANSEN RASMUSSEN, LLC**
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 385-5533
Attorneys for Defendants
  Albert S. Bastian and Edward L. Hurt III

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ACADEMY COLLECTION SERVICE, INC., a Pennsylvania Corporation,<br><br>KEITH DICKSTEIN, Individually, and as an Officer of Academy Collection Service, Inc.,<br><br>ALBERT S. BASTIAN, Individually, and as an Officer of Academy Collection Service, Inc.,<br><br>and<br><br>EDWARD L. HURT III, Individually, and as an Officer of Academy Collection Service, Inc.<br><br>Defendant. | 2:08-cv-01576-KJD-GWF<br><br>**JURY TRIAL DEMANDED** |

## ANSWER

COMES NOW, the Defendants, ALBERT S. BASTIAN and EDWARD L. HURT, III, by and through their attorney, JONATHAN J. HANSEN, ESQ., of the law firm HANSEN RASMUSSEN, L.L.C., and for answer to the Plaintiff's Complaint on file herein, deny, admit and allege as follows:

### I.

Answering Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, and 44 of the Plaintiff's Complaint, these answering Defendants allege that they do not have sufficient knowledge or

. . . .



information upon which to base a belief as to the truth of the allegations contained therein and upon said ground deny each and every allegation contained therein.

## II.

Answering Paragraph 22 of the Plaintiff's Complaint, these answering Defendants state that they do not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein and upon said ground deny each and every allegations obtained therein, save and except that denies that Defendants Bastian and Hurt participated in the actions described in Paragraphs 11 through 17 above, and also deny that they encouraged collectors to participate in such violations as well as deny that they were aware of such practices by collectors under their supervision or failed to discipline the collectors sufficiently.

## III.

Answering Paragraph 43 of the Plaintiff's Complaint, these answering Defendants state that they do not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein and upon said ground deny each and every allegations obtained therein, save and except that denies that Bastian and Hurt violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances.

**AFFIRMATIVE DEFENSES**

1. That the Complaint fails to state a cause of action upon which relief can be granted.

2. That Defendants Bastian and Hurt had no authority to control and make corporate policy and did not formulate, direct, or control the acts and omissions complained of in the Complaint.

3. That the FTC has failed to name the supervisors of Bastian and Hurt who had authority over Bastian and Hurt and formulated, directed, and controlled the acts or omissions complained of in the Complaint, knowing full well that Bastian and Hurt were lower level employees, numbering 10 and 12 in the company hierarchy, but leaving out officers with rankings of 1 through 9. The FTC has acted in bad faith by attempting to force Bastian and Hurt to be scapegoats for actions known to be done by the higher ranking officers.

4. That the claims in the complaint are barred by the doctrine of estoppel.

5. That the FTC knowingly and willfully asserts as fact in the Complaint allegations that

1 the FTC knows or should know to be false, such as the allegation that Keith Dickstein works and lives
2 in Las Vegas, as Keith Dickstein does neither.  As such, other allegation of the Complaint are suspect
3 due to knowing misrepresentation of fact in the Complaint by the FTC.
4     (NOTE:  Some or all of the affirmative defenses above pled may have been pled for purposes
5 of non-waiver pending discovery.  Other affirmative defenses may be added as discovery continues.)
6     WHEREFORE, Defendants ALBERT S. BASTIAN and EDWARD L. HURT, III, demand
7 judgment that the Plaintiff take nothing by way of its Complaint on file herein and that they go hence
8 with their costs herein incurred and that Defendant be awarded reasonable attorney's fees.
9     DATED this 9th day of January, 2009.

10     HANSEN RASMUSSEN, LLC

12     BY:  /s/ Jonathan J. Hansen
    JONATHAN J. HANSEN, ESQ.
    Nevada Bar No. 7002
13     1835 Village Center Circle
    Las Vegas, NV 89134
14     Attorney for Defendants Bastian and Hurt

15 **CERTIFICATE OF MAILING**

16 I, Lisa Black, hereby certify that I am an employee of Hansen Rasmussen, and that on this day I did serve a copy of the foregoing **ANSWER**, upon counsel for all defendants appearing in this
17 matter via the CM/ECF system, by electronically filing the same via the CM/ECF system.

18 PATRICK A. ROSE
United States Attorney
19 333 Las Vegas Boulevard South, Suite 5000
Las Vegas, NV  89101
20 (702) 388-6336
(702) 388-6296: fax
21 patrick.rose@usdoj.gov

22 JOHN W. BURKE
Trial Attorney
23 Office of Consumer Litigation
Civil Division
24 U.S. Department of Justice
P.O. Box 386
25 Washington, DC  20044
(202) 353-2001
26 (202) 514-8742: fax
josh.burke@usdoj.gov
27
    /s/ Lisa M. Black
28     Employee of Hansen Rasmussen, LLC